**In the Matter of IRVING GAINES, INC., Alleged Bankrupt.**

**No. 254, Docket 31682.**

United States Court of Appeals
Second Circuit.

Submitted Jan. 9, 1968.

Decided Jan. 25, 1968.

Daniel H. Greenberg, New York City, filed a brief, for appellant.

Joel A. Reiss, New York City (Kronish, Dresner & Henle, New York City), for appellees.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

After making various assessments for back taxes, the United States obtained on August 20, 1965 a lien on property of Irving Gaines, Inc. (Gaines). A number of Gaines' creditors then filed an involuntary petition in bankruptcy on August 27, 1965. The record submitted to us is sketchy, but we glean from it that the property was sold by the United States on September 8, 1965 to satisfy the lien. Shortly thereafter, an amended petition in bankruptcy was filed, alleging that Gaines, while insolvent, had permitted the government to obtain this lien through "distraint" and had not vacated or discharged it within 30 days from the date it was obtained or at least 5 days before the date set for the sale. The Referee adjudged Gaines a bankrupt, and the district court, Metzner, J., affirmed.

Gaines maintains that it did not commit an act of bankruptcy because it did not suffer or permit "while

insolvent, any creditor to obtain a lien upon \* \* \* [its] property through *legal proceedings or distraint* \* \* \*." 11 U.S.C. § 21(a) (3) (emphasis added). Gaines argues that the government's tax liens arose by statute on the various dates when taxes were assesed, and not by "distraint" under 26 U.S.C. § 6331 on August 20, 1965. But the fallacy in this argument is that the government did not merely obtain a tax assessment lien or a so-called "floating" lien. Here, the government actually seized specific property —and sold it too—in order to enforce the lien. This surely is a distraint within the meaning of the Act. In re Timberline Lodge, 139 F.Supp. 13 (D.Or.1955); 1 Collier on Bankruptcy ¶ 3.308 [6] (14th ed. 1967).

Affirmed.[1]

---

1. Our disposition makes it unnecessary for us to consider whether a $10.00 C.O.D. payment by Gaines constituted a preference.